***E-Filed 6/27/11***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEXANDER CHINCHILLA, et al. | Case No. C 08-05720 RS |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |
| DAVID CHEN, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiffs Alexander Chinchilla and Jose Morales move for entry of default judgment. A hearing was duly noticed and held, however defendant David Chen failed to appear or otherwise respond to the motion. For the reasons stated below, the motion will be granted and default judgment will be entered against Chen.

## II. BACKGROUND

Chinchilla was employed by Chen in an unspecified capacity for approximately six months, under an agreement that he would be paid $12 per hour. Morales worked for Chen for about a year

1  and a-half with the understanding that he would be paid $13 hour.  Chinchilla and Morales assert
2  that, in fact, their employment conditions were not as promised:

> Upon hire, they were placed in shared housing, arranged by DAVID CHEN. Despite the promise of a fair hourly wage, Plaintiffs were paid only enough to meet their rent obligations each month. Not given any other portion of their salary to purchase food, DAVID CHEN would sometimes sustain them by bringing over tacos for them to eat. Without any alternative means of meeting their most basic needs, and without being paid the equivalent of even the minimum wage, Plaintiffs were forced into a form of servitude, living only on rent money and tacos. Never were they paid the wages promised, nor even the minimum wage.

Chinchilla and Morales each seeks judgment for:

    1) unpaid overtime (Cal. Labor Code §510);

    2)  a statutory penalty in an equal sum to the unpaid overtime (29 U.S.C. § 216(b));

    3) statutory penalties for missed meal periods (Cal. Labor Code §226.7);

    4) statutory penalties for failure to make timely wage payments (Cal. Labor Code §§201 and 203);

    5) statutory penalties for failure to provide pay statements (Cal. Labor Code §226),

    6)  unpaid minimum wages (Cal. Labor Code §1197), and;

    7)  a statutory penalty in an equal sum to the unpaid minimum wages.

Chinchilla and Morales do *not* seek restitution under their claims brought pursuant to California Business and Professions Code §17200, acknowledging that to do so would constitute impermissible double recovery.

### III.  STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion.  See Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470,

1471-72 (9th Cir. 1986).  In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  As to damages, when those claimed are not readily ascertainable from the pleadings and the record, the court may (but is not required to) conduct a hearing to determine the amount of damages.  Fed. R. Civ. P. 55(b)(2).

## IV.  DISCUSSION

In this case, the *Eitel* factors weigh in favor of granting plaintiffs' motion for default judgment.  The allegations in the complaint, taken as true, establish the existence of Chen's obligations to pay at least minimum wages and overtime, and to comply with meal break, payment statements, and timeliness requirements.  Plaintiffs' evidentiary showing as to the hours they worked is not a model of legal advocacy.  It is based on broad estimates and generalizations to a degree that causes some reliability concerns.  In light of the fact, however, that it is the employer's obligation, not the employee's to keep accurate records, it would be unjust to deny plaintiffs recovery where their lack of more detailed information likely results at least in part from Chen's failures to comply with his legal duties.

Chen was given notice of this action, and knew or should have known that he had an obligation to file a response.  Under these circumstances, the policy favoring decisions on the merits must yield to plaintiffs' right to a judicial determination of their claims.  Judgment for Chinchilla will be entered in the amount of $43,690.00 and judgment for Morales in the amount of $104,942.00, pursuant to the calculations set forth in their motion.

## V. CONCLUSION

The motion is granted. A separate judgment in plaintiffs' favor will issue.

IT IS SO ORDERED.

Dated: 6/27/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE